UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-212-GWU

JAMES RAY,                                                                                          PLAINTIFF,

VS.                                       **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                    DEFENDANT.

## INTRODUCTION

James Ray brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

>   Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-212 Ray

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Ray, a 53-year-old former forklift operator with a "limited" education, suffered from impairments related to degenerative disc disease, a depressive disorder and an anxiety disorder.  (Tr. 16, 18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 22).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Id.).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security Benefits.  Therefore, the court must grant the plaintiff's summary judgment motion,

07-212 Ray

in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The ALJ erred in evaluating the evidence of record relating to Ray's physical condition. The hypothetical question presented to Vocational Expert Jane Roberson included such physical factors as an exertional limitation to light level work restricted from a full range by such non-exertional limitations as an inability to more than occasionally stoop, kneel, crouch, crawl, or climb ladders, ropes and scaffolds and a need to avoid exposure to cold areas, vibrations or hazardous machinery. (Tr. 299). These findings were far less severe than those noted by Dr. Ray Hays, the plaintiff's treating physician, who on two occasions identified the existence of far more severe physical limitations, including an inability to either sit or stand/walk for more than a total two hours a day each and an inability to lift more than five pounds. (Tr. 188-190, 281-283). The ALJ rejected Dr. Hays's opinion because he did not believe that it was well-supported by objective medical data. (Tr. 19). However, Dr. Hays's opinion was supported by at least some objective findings, the physician having seen an MRI Scan revealing degenerative disc disease and noting decreased range of back motion. (Tr. 187, 196, 280). Dr. Hays was still the only treating or examining source to address the issue of work restrictions.

The ALJ's findings were consistent with the opinions of Dr. Ramos Briones (Tr. 143-151) and Dr. Calixto Hernandez (Tr. 167-175), the non-examining medical

8

reviewers.  An ALJ may rely upon the opinion of an non-examining source over that of an examiner when the non-examiner clearly states the reasons for his differing opinion.  <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994).  Furthermore, Social Security Ruling 96-6p indicates that when the examining source is also a treating physician, then the non-examiner must have reviewed a <u>complete</u> record which includes a medical report from a specialist who provided more detailed and comprehensive information than the treating doctor.  In the present action, Dr. Briones saw the record in December of 2004 (Tr. 150) and, so, had no opportunity to see and comment upon Dr. Hays's assessments which were issued in December of 2004 (Tr. 187), and May, 2006 (Tr. 283).  Dr. Hernandez reviewed the record in February, 2005 (Tr. 175), but merely affirmed Dr. Briones's findings without commenting on Dr. Hays's December, 2004 opinion and also did not see the May, 2006 assessment.  Neither reviewer saw a complete record which included medical reports dated through April, 2006.  (Tr. 266-270).  The ALJ should at least have sought the advice of a medical advisor who had seen and commented upon the entire record.  Therefore, substantial evidence does not support this portion of the administrative decision.

      The ALJ also erred in evaluating Ray's mental condition.  The only mental restriction included in the hypothetical question was a "limited but satisfactory" ability to relate to co-workers, the public and supervisors.  (Tr. 299).  However, Dr.

Kevin Eggerman examined the plaintiff and diagnosed a generalized anxiety disorder. (Tr. 180). Dr. Eggerman reported that the claimant would be "moderately" limited in his ability to respond appropriately to work pressures. (Tr. 181). This limitation was omitted from the hypothetical question. Ray sought treatment for his mental problems at the Cumberland River Comprehensive Care Center. He was diagnosed as suffering from an anxiety disorder and a depressive disorder. (Tr. 226). Specific functional restrictions were not identified. However, the claimant's Global Assessment of Functioning (GAF) was rated at 60, suggesting the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. (Tr. 226). This opinion is compatible with that of Dr. Eggerman. Psychologist Jane Brake reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment. (Tr. 152). However, Brake saw the record in December of 2004 and, so, did not see Dr. Eggerman's April, 2005 report. Psychologist Ilze Sillers did see Dr. Eggerman's report and also opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 210). However, she did not articulate reasons why she disagreed with the examining source and even appeared to agree with the examiner, stating his opinion should be given "great weight." (Tr. 222). Therefore, the evidence relating to the claimant's mental status

07-212 Ray

suggests more severe mental limitations than were found by the ALJ and, so, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of March, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**